IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL, | ) | 8:08CV533 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE UNITED STATES OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on its own motion. On January 22, 2009, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g). (Filing No. 14.) Plaintiff filed a Objection and Affidavit in response to the court's Memorandum and Order. (Filing Nos. 17 and 18.) The court has carefully reviewed Plaintiff's response and finds that this matter should be dismissed.

## I.   BACKGROUND

    Plaintiff, while incarcerated, filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 2) on December 8, 2008. On January 22, 2009, the court ordered Plaintiff to either show cause why he is entitled to proceed IFP or pay the full $350 filing fee by February 21, 2009, or his case would be dismissed. (Filing No. 14 at CM/ECF p. 2.) The court's order was based on the provisions set forth in § 1915(g), and also the court's finding that Plaintiff brought the following three cases while incarcerated, all of which were dismissed for failure to state a claim upon which relief may be granted:

- *McNeil v. Public Defender Office*, No. 4:06CV3204 (D. Neb.), dismissed on September 5, 2006. (Case No. 4:06CV3204, Filing Nos. 5 and 6 ("In

this case, the complaint fails to state a claim on which relief may be granted.").)

- *McNeil v. City of Omaha, et al.*, No. 8:07CV145 (D. Neb.), dismissed on May 16, 2007. (Case No. 8:07CV145, Filing Nos. 12 and 13 ("This case must be dismissed for failure to state a federal claim on which relief may be granted against any defendant in a federal court.").)

- *McNeil v. City of Omaha, et al.*, No. 8:07CV143 (D. Neb.), dismissed on August 26, 2008. (Case No. 8:07CV143, Filing Nos. 53 and 54 (granting Defendants' motion to dismiss because the complaint "fails to state a claim upon which relief can be granted" where "there are no facts alleged in the Complaint from which one might infer the necessary 'policy' or 'custom'").)

On February 2, 2009, Plaintiff filed an Objection and Affidavit in response to the court's Memorandum and Order where he restated his claims against Defendant and set forth various reasons his case should not be dismissed. (Filing Nos. 17 and 18.)

## II. ANALYSIS

A prisoner may not bring a civil action or proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In its previous Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g). (Filing No. 14 at

CM/ECF p. 2.) The court listed three cases brought by Plaintiff that were dismissed because they failed to state a claim upon which relief may be granted. (*Id.* at CM/ECF pp. 1-2.) For Plaintiff to proceed IFP, he needed to show the court that any or all of the three dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his Affidavit, Plaintiff denies that the three cases set forth above were dismissed because they failed to state a claim upon which relief may be granted. (Filing No. 18 at CM/ECF pp. 2-4.) Plaintiff states that these cases were either decided in his favor, or will be decided in his favor when he re-files them in the future. (*Id.*) The court has carefully reviewed the cases. Notwithstanding Plaintiff's mischaracterizations of the dismissal orders in these cases, none of them were decided in Plaintiff's favor and all were dismissed for failure to state a claim upon which relief may be granted. All three of these cases therefore meet the criteria set forth in § 1915(g).

In addition, Plaintiff has failed to show that he faces imminent danger of serious physical injury if his claims are not allowed to proceed. Plaintiff states that he "has, was, been, and is in danger and have, has, been, was, and is injured from the defendant and government, and if this case is dismiss [sic] it would cause more injury." (Filing No. 18 at CM/ECF p. 1.) However, Plaintiff does not set forth anything more with respect to any serious physical injury that may result if he is not permitted to proceed. Plaintiff's conclusory statement that he has been "injured" is not enough to meet his burden under 28 U.S.C. §1915(g). In short, Plaintiff has not shown that he is entitled to proceed IFP, nor has he paid the full $350 filing fee. For these reasons, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All pending motions are denied as moot.

February 25, 2009.                    BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge